**\*\*Original filed 2/13/07\*\***

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff<br><br>      v.<br><br>IGNACIO MORENO-MORFIN,<br><br>                  Defendant | Case Numbers   CR 03-20035 JF<br>                             CV 05-2953 JF<br><br>ORDER[1] DENYING (1) MOTION TO VACATE, SET ASIDE, OR MODIFY SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

      Defendant Ignacio Moreno-Morfin ("Defendant") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government opposes the motion. Defendant's motion was taken under submission without oral argument. The Court has read the moving and responding papers, and has considered the applicable law. For the reasons set forth below, the motion will be denied.

---

    [1] This disposition is not designated for publication and may not be cited.

Case Nos.  CR 03-20035 JF, CV 05-2953 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(JFEX1)

## I. BACKGROUND

On March 26, 2003, Defendant was indicted on one count of illegal reentry by a deported alien in violation of 8 U.S.C. § 1326. Defendant initially pled not guilty to the charge, but on May 6, 2003, he changed his plea to guilty. On September 23, 2003, Defendant was sentenced to fifty-seven months in prison, a subsequent two-year term of supervised release, and a special assessment of $100.

## II. LEGAL STANDARD FOR A § 2255 MOTION

A prisoner in federal custody may move the sentencing court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1456 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In deciding whether the movant is entitled to an evidentiary hearing, the district court should determine if, assuming the truth of the movant's claims, he could prevail. *Id.*

## III. DISCUSSION

Defendant claims that he was denied the following constitutional rights: (1) his Fifth Amendment right to due process of law because he was not informed that he could notify the Mexican consulate pursuant to the Vienna Convention Treaty, (2) his Sixth Amendment right to effective assistance of counsel, and (3) his Fourteenth Amendment right to equal protection of the laws because of the disparate sentences imposed on alien and American citizen inmates.[2] In his reply brief, Defendant appears to assert a fourth claim that his sentence should be re-evaluated in light of the recent Supreme Court case, *United States v. Booker*, 543 U.S. 220, 125

---

[2] The equal protection claim properly is brought under the Fifth Amendment.

1  S. Ct. 738 (2005).

2      The Government argues that Defendant's motion is time-barred. Section 2255 of the
3  United States Code prescribes a one-year statute of limitations. The one-year period runs from
4  the latest of the following four dates: (1) the date on which the judgment of conviction becomes
5  final; (2) the date on which the impediment to making a motion created by governmental action
6  in violation of the Constitution or laws of the United States is removed, if the movant was
7  prevented from making a motion by such governmental action; (3) the date on which the right
8  asserted was initially recognized by the Supreme Court, if that right has been newly recognized
9  by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the
10 date on which the facts supporting the claim or claims presented could have been discovered
11 through the exercise of due diligence. 28 U.S.C. § 2255 (1)-(4).

12     Defendant filed his § 2255 motion more than twenty-one months after the judgment
13 became final. Defendant does not claim that the Government created an impediment to his
14 ability to file the motion. It is apparent from the face of the motion that Defendant was aware of
15 the facts supporting his claims for almost two years prior to the filing of the motion.

16     The only subsection that potentially could save Defendant's claims from the statute of
17 limitations bar is subsection (3). However, that subsection is applicable only to Defendant's
18 *Booker* claim, which is not even raised in his motion, but rather is asserted for the first time in his
19 reply brief. Accordingly, Defendant's *Booker* claim is not properly before the Court.

20     Even if it were to consider Defendant's *Booker* claim, however, the Court would
21 conclude that the claim does not fall within subsection (3) of § 2255. The Ninth Circuit has held
22 expressly that *Booker* is "not retroactive, and does not apply to cases on collateral review where
23 the conviction was final as of the date of *Booker's* publication." *U.S. v. Cruz*, 423 F.3d 1119,
24 1121 (9th Cir. 2005). Defendant's conviction became final before the Supreme Court's holding
25 in *Booker*.

26     Based on the above analysis, the Court concludes that Defendant's motion is time-barred.

27

28

3

Case Nos. CR 03-20035 JF, CV 05-2953 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(JFEX1)

## III. ORDER

The motion is DENIED.

DATED:   February 13, 2007

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

Jane Shoemaker
US Attorney's Office
NDCA, San Jose Branch
150 Almaden Blvd., Suite 900
San Jose, CA 95113
408-535-5061

Eumi L. Choi
Chief, Criminal Division
150 Alameda Blvd.
Suite 900
San Jose, CA 95113
408-535-5043
Fax: 408-535-5066

Kevin V. Ryan
United States Attorney
150 Almaden Blvd.
Suite 900
San Jose, CA 95113-2009
408-535-5082
Fax: 408-535-5081

Ignacio Moreno Morfin
Cibola County Corr. Ctr.
P.O. Box 3540-2000
Cibola Loop
Milan, NM 87021

5

Case Nos. CR 03-20035 JF, CV 05-2953 JF
ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
(JFEX1)